IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMES LUCAS,

          Plaintiff,

v.                                          CIVIL ACTION NO. 2:17-cv-04146

JASON COLLINS, et al.,

          Defendants.

## MEMORANDUM OPINION AND ORDER

This action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On August 30, 2018, Judge Tinsley submitted his Proposed Findings and Recommendations [ECF No. 7] ("PF&R"). The PF&R recommends the court **DISMISS** this matter for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A. On September 10, 2018, the plaintiff timely submitted his objections to the PF&R [ECF No. 8]. For the reasons that follow, the court **OVERRULES** the plaintiff's objections and **ADOPTS** the PF&R in full.

I.     Facts

Because the plaintiff makes no objections to the PF&R's factual background, the court **ADOPTS** the Magistrate Judge's factual findings in full.

## II. Legal Standard

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the report de novo, this court will consider the fact that the plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III. Discussion

The plaintiff asserts that the Magistrate Judge failed to mention "the government's failure to post prison rules and regulations" so that the plaintiff may become IRPP compliant[1] so that he may have band room privileges. For support, the plaintiff cites the following passage from the Supreme Court of Appeals of West Virginia:

---

[1] "IRPP" stands for "Individual Reentry Program Plan." *See Longwell v. Ballard*, No. 11-0912, 2012 WL 5232243, at *1 (W. Va. Oct. 19, 2012).

> [T]he first requirement imposed on a government agency responsible for prisoners, by the federal constitution's Fourteenth Amendment and our state due process clause in W. Va. Const. art. II, § 10 is publication of rules and regulations to apprise them of the conduct required for them to earn good time credits.

*State ex rel. Gillespie v. Kendrick*, 265 S.E.2d 537, 542 (W. Va. 1980). The plaintiff also faults the Magistrate Judge for "rambl[ing] on for several pages on . . . 'liberty interests' and the courts exercising restraint in supervising the minutiae of prison life."

The Magistrate Judge went on at length on liberty interests because without a liberty interest, the Fourteenth Amendment's Due Process Clause does not apply. *See* U.S. CONST. AMEND. XIV, § 1 (The Fourteenth Amendment bars states from "depriv[ing] any person of life, liberty, or property, without due process of law."). To be sure, prisoners, including the plaintiff, have liberty interests in good time credits, which is why prison officials are required to publish "rules and regulations to apprise [prisoners] of the conduct required for them to earn good time credits." *Gillespie*, 265 S.E.2d at 542.

As explained by the Magistrate Judge, however, inmates have no liberty interest in band room privileges. Unlike good time credits, there is no statutory entitlement to band room privileges. Moreover, band room privileges do not implicate freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Connor*, 515 U.S. 472, 484 (1995).

3

Being that there is no liberty interest in band room privileges, the Fourteenth Amendment's Due Process Clause does not apply. Prison officials are therefore not required by the Fourteenth Amendment to post rules on how to become IRRP Compliant so that inmates may enjoy band room privileges. And because the Fourteenth Amendment's Due Process Clause does not apply, the plaintiff has failed to state a claim upon which relief can be granted.

I digress to remark that the serious business of judging sometimes requires me to sound just plain silly in treating with all seriousness a constitutional claim for band room privileges.

### IV. Conclusion

Therefore, the court **OVERRULES** the plaintiff's objections [ECF No. 8], **ADOPTS** the Magistrate Judge's PF&R [ECF No. 7], and **DISMISSES** the plaintiff's Complaint [ECF No. 1] **with prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: October 12, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE